UNITED STATES DISTRICT COURT for the
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

SANTO LANZAFAME in his fiduciary capacity as a Trustee of
the STONE SETTERS LOCAL 84 PENSION FUND,
ANNUITY FUND, VACATION FUND, APPRENTICE FUND
and INDUSTRY PROMOTION FUND and as a Trustee of the
BRICKLAYERS LOCAL NO. 1 WELFARE AND INSURANCE
FUND and as President of the BRICKLAYERS AND ALLIED
CRAFTWORKERS, LOCAL UNION NO. 1, NEW YORK,
B.A.C.I.U., AFL-CIO,



COMPLAINT



Plaintiffs,

-against-

TRIBEC LTD., ADAM OTTAVINO and JOHN and/or
JANE DOE FIDUCIARY,

Defendants.

------------------------------------------------------------------X

Plaintiff SANTO LANZAFAME in his fiduciary capacity as a Trustee of the STONE SETTERS LOCAL 84 PENSION FUND, ANNUITY FUND, VACATION FUND, APPRENTICE FUND and INDUSTRY PROMOTION FUND, as a Trustee of the BRICKLAYERS LOCAL NO. 1 WELFARE AND INSURANCE FUND (collectively, "FUNDS"), and as President of the BRICKLAYER AND ALLIED CRAFTWORKERS LOCAL UNION NO. 1, NEW YORK, INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS, AFL-CIO ("LOCAL 1") by their attorneys, HOLM & O'HARA LLP ("H&O"), as and for their Complaint against Defendants allege the following:

## NATURE OF ACTION

1.   This is an action arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., the Labor Management Relations Act of 1947

("LMRA"), 29 U.S.C. § 141, et seq., and the common law.

## JURISDICTION AND VENUE

2. Jurisdiction over the causes of action alleged herein is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337; by 29 U.S.C. §§ 185(c), 1109(a), 1132(a)(2), 1132(a)(3), 1132(d), 1132(e)(1), and 1132(f); Fed. Rules Civ. Pro. Rule 19(a); 28 U.S.C. § 1367(a); and by the principles of supplemental jurisdiction.

3. Venue is properly placed in the Southern District of New York under 29 U.S.C. §§ 185 (a) and 1132(e)(2) in that the Stone Setters Local No. 84 Pension Fund, Annuity Fund, Vacation Fund, Apprentice Fund and Industry Promotion Fund are administered in the county of New York, New York.

## PARTIES

4. Plaintiff FUNDS are jointly-trusteed "multiemployer plans" established pursuant to a collective bargaining agreement and by trust indentures. The FUNDS are "employee benefit plans" within the meaning of ERISA, 29 U.S.C. §§ 1002(2), (3), and 1132(d)(l) and "multiemployer plans" within the meaning of 29 U.S.C. §§ 1002(37) and 1145. The FUNDS are authorized to maintain suit as an independent legal entity under 29 U.S.C. § 1132(d)(l). The Stone Setters Local 84 Pension Fund, Annuity Fund, Vacation Fund, Apprentice Fund and Industry Promotion Fund are administered in New York County at 200 Park Avenue South, New York, New York 10003-1599. The Bricklayers Local No. 1 Welfare and Insurance Fund is administered in Queens County at 66-05 Woodhaven Blvd., Rego Park, New York 11374.

5. Plaintiff LOCAL 1 is a voluntary association formed under the laws of the State of New York and a labor organization within the meaning of 29 U.S.C. § 185 that represents

employees in an industry affecting commerce as defined in 29 U.S.C. § 142(1) and 29 U.S.C. §1002(12). LOCAL 1 maintains offices located at 4 Court Square, Long Island City, New York 11101.

6. Plaintiff SANTO LANZAFAME is a Trustee of the FUNDS, and President of LOCAL 1, and this lawsuit is brought in his capacity as a fiduciary of the FUNDS within the meaning of ERISA, 29 U.S.C. § 1002 (21).

7. Upon information and belief, defendant TRIBEC LTD. ("TRIBEC") is a corporation organized under, and existing by virtue of, the laws of the State of New York with its office and principal place of business located at 23-03 45th Road, Suite 203, Long Island City, NY 11101.

8. Upon information and belief, TRIBEC is an employer engaged in an industry affecting commerce, within the meaning of 29 U.S.C. § 185 and an employer within the meaning of ERISA, 29 U.S.C. §§ 1002(5) and 1145.

9. Upon information and belief, defendant ADAM OTTAVINO ("OTTAVINO"), a natural person, is President of TRIBEC.

10. Upon information and belief, defendant OTTAVINO is a fiduciary with respect to the FUNDS within the meaning of ERISA, 29 U.S.C. § 1002(21)(A) and Article 3-A of the New York Lien Law.

11. Upon information and belief, OTTAVINO exercised authority or control respecting the management or disposition of plan assets that should have been held in trust by TRIBEC and remitted to the FUNDS.

12. Upon information and belief, OTTAVINO exercised unauthorized dominion or

control respecting management or disposition of union dues and assessments ("DUES") that should have been held in trust by TRIBEC and remitted to LOCAL 1, in a manner that interfered with LOCAL 1's legal title or superior right of possession of said DUES.

13. Upon information and belief, JANE and/or JOHN DOE FIDUCIARY ("DOE FIDUCIARY") is a fiduciary within the meaning of ERISA 29 U.S.C. § 1002(21)(A) and Article 3-A of the New York Lien Law.

14. Upon information and belief, DOE FIDUCIARY exercised authority or control respecting the management or disposition of plan assets that should have been held in trust by TRIBEC and remitted to the FUNDS.

15. Upon information and belief, DOE FIDUCIARY exercised unauthorized dominion or control respecting management or disposition of DUES that should have been held in trust by TRIBEC and remitted to LOCAL 1, in a manner that interfered with LOCAL 1's legal title or superior right of possession of said DUES.

## PRELIMINARY STATEMENT

16. TRIBEC is an Independent Contractor in the stone setting and stone tending trades.

17. On July 18, 2006, OTTAVINO, on behalf of himself and TRIBEC, entered into a Memorandum of Agreement with LOCAL 1 ("MEMORANDUM") for the period July 1, 2005 through June 30, 2009, modifying and extending the terms of the Collective Bargaining Agreement between Independent Contractors and Local 1 Stone Setters and Stone Tenders effective July 1, 2002 to June 30, 2005 ("CBA") (collectively "AGREEMENT").

18. The final paragraph of the AGREEMENT directly preceding the signature line

binds OTTAVINO "in a dual capacity both on behalf of himself and on behalf of the employer and represents by his signature his authority to bind the firm and the principals and members thereof."

19. OTTAVINO, having executed the AGREEMENT, is bound personally for all liability arising under the AGREEMENT.

20. The AGREEMENT, including but not limited to Articles 3 and 7, defines: a) the employees covered by the AGREEMENT; and b) the work covered by the AGREEMENT.

21. Articles 24, 25, 26 and 27 of the AGREEMENT require OTTAVINO and/or TRIBEC (collectively "EMPLOYER") to pay contributions to each of the FUNDS for all employees employed by EMPLOYER and covered by the AGREEMENT, in the amounts specified by the AGREEMENT, for each hour of work performed.

22. Article 29 requires EMPLOYER to deduct and remit DUES for all LOCAL 1 members, as per the amounts specified in the AGREEMENT.

23. Where the payment of wages and fringe benefit contributions are not made timely and require the FUNDS to institute a collection action, Article 24 of the AGREEMENT requires EMPLOYER to pay interest, liquidated damages, audit costs, attorneys' fees, costs and expenses to the full extent as provided by law.

24. Article 27 of the AGREEMENT requires EMPLOYER to submit to an audit of their books and records and to pay any delinquent contributions, audit charges and attorneys' fees. In addition, EMPLOYER is required to pay a service charge of ten percent (10%) of the amount found to be delinquent.

25. Article 32 of the AGREEMENT forbids EMPLOYER from subcontracting or

subletting any work covered by the AGREEMENT to "any person, firm, or corporation which is not in a contractual relationship with LOCAL 1."

26.     Article 27 of the AGREEMENT requires EMPLOYER to retain for a period of six (6) years payroll and related records necessary for a proper audit.

27.     In the event EMPLOYER refuses to turn over the books necessary to conduct a proper audit, Article 27 of the AGREEMENT permits the Trustees to determine that: 1) EMPLOYER's monthly hours subject to contributions for each month of the audit period are the highest number of hours for any month during the twelve (12) preceding months audited; 2) the highest number of employee's hours for any month during the last twelve months for which reports were filed; or 3) a number of hours based on a labor factor analysis derived from contracts and invoices specifying the performance of bargaining unit work.

## Notification to the EMPLOYER

28.     By letter dated November 6, 2006, sent via overnight mail, H&O on behalf of the FUNDS, advised EMPLOYER that checks for payment of contributions for the weeks of July 26, 2006 through August 1, 2006 and August 3, 2006 through August 8, 2006 were returned for insufficient funds and demanded that EMPLOYER re-issue two new checks.

29.     EMPLOYER failed to respond to H&O's November 6, 2006 letter and failed to re-issue two new checks.

30.     By letter dated March 8, 2007, H&O was informed by the FUNDS' auditor, Kobgo Associates, Inc., that TRIBEC failed to cooperate with an audit authorized by the FUNDS.

31.     By letter dated March 23, 2007, H&O demanded that TRIBEC honor its

AGREEMENT and ERISA obligations and cooperate with an audit.

32. To date, TRIBEC has failed to respond to the demands in H&O's March 23, 2007 demands.

### Violations of the AGREEMENT, ERISA and Common Law

33. Pursuant to the AGREEMENT and ERISA, the FUNDS are entitled to injunctive relief in the form of an order requiring EMPLOYER to produce for inspection and copying the information from TRIBEC's complete books and records, to verify the accuracy of contributions made by EMPLOYER.

34. In violation of the AGREEMENT and ERISA, EMPLOYER failed to remit delinquent contributions to the FUNDS for the period July 2006 to date and continuing throughout the pendency of this action, subject to verification by audit.

35. Pursuant to 29 U.S.C. § 1132(g)(2) and the AGREEMENT, the FUNDS are entitled to recover: a) all delinquent contributions for the period June 30, 2005 to date and continuing throughout the pendency of this action, subject to verification by audit; b) liquidated damages of twenty (20%) percent; c) interest at the rate of ten percent (10%) per annum; d) injunctive relief; e) the costs of the audit; f) plus reasonable attorneys' fees, costs, and expenses.

36. In violation of the AGREEMENT, EMPLOYER failed to remit DUES to LOCAL 1 for the period July 2006 to date and continuing throughout the pendency of this action, subject to verification by audit.

37. Pursuant to the AGREEMENT and New York CPLR §§ 5001 and 5004, LOCAL 1 is entitled to recover all delinquent DUES for the period June 30, 2005 to date and continuing throughout the pendency of this action, and pre-judgment interest at 9% per annum from the due

date to the date paid.

## Fiduciary Claims

38. New York Lien Law, Article 3A, § 70 imposes a trust upon all funds dedicated to an improvement of a parcel of real property.

39. New York Lien Law, Article 3A also imposes a fiduciary duty on EMPLOYER to distribute the proceeds of the trust in accordance with the priority scheme set forth therein.

40. Article 30 of the AGREEMENT binds EMPLOYER directly to the provisions of the Agreement and Declaration of Trust for each of the FUNDS as though EMPLOYER had actually signed the individual documents, and further binds EMPLOYER to all actions taken by the Trustees of each of the FUNDS pursuant to said Agreements and Declarations of Trust, as amended, and their respective plans, as amended.

41. The Agreement and Declaration of Trust for each of the FUNDS provides in relevant part under Article II, Section 3 that "The Trust Fund continued hereby is for the purpose of providing…benefits for eligible Employees, participants and their beneficiaries as may be permitted by law under a plan of benefits adopted by the Trustees… "

42. The Agreement and Declaration of Trust for each of the FUNDS provides in relevant part under Article II, Section 4 that: "The Trust Fund continued hereby shall be and constitute an irrevocable trust established for the exclusive benefit of Employees, all in accordance with Section 302(c) of the Labor Management Relations Act of 1974, as amended, in accordance with ERISA and in compliance with Sec. 501(c)(9) of the Internal Revenue Code. "

## OTTAVINO As Fiduciary

43. OTTAVINO exercised the authority to sign checks on behalf of EMPLOYER

including checks which should have been submitted to the FUNDS for contributions.

44. In violation of the AGREEMENT and ERISA, EMPLOYER has failed to remit all contributions for the period July 2006 to date and continuing throughout the pendency of this action, subject to verification by audit.

45. Pursuant to 29 U.S.C. § 1109(a) and the AGREEMENT, the FUNDS are entitled to recover from OTTAVINO the following: a) all delinquent contributions found due and owing from June 30, 2005 to date and continuing during the pendency of this action, subject to verification by audit; b) interest at ten percent (10%) per annum on all delinquent contributions (as defined in the AGREEMENT); c) the costs of an audit; and d) reasonable attorneys' fees, costs, and expenses.

46. Pursuant to Article 29 of the AGREEMENT, EMPLOYER was required to remit DUES on a monthly basis to LOCAL 1 for each person represented by LOCAL 1 in the employ of EMPLOYER.

47. Upon information and belief, OTTAVINO exercised dominion and control respecting management or disposition of union DUES that should have been held in trust by EMPLOYER and remitted to LOCAL 1.

48. Upon information and belief, OTTAVINO failed to remit all union DUES due and owing to LOCAL 1 for EMPLOYER employees from July 2006 to date and continuing during the pendency of this action, subject to verification by audit.

49. OTTAVINO interfered with plaintiff LOCAL 1's right to possess and control those DUES under common law.

50. Pursuant to common law, LOCAL 1 is entitled to recover from EMPLOYER the

DUES for the time period between June 30, 2005 to date and continuing during the pendency of this action, subject to verification by audit, plus interest and attorney's fees thereon.

DOE FIDUCIARY As Fiduciary

51. Upon information and belief, DOE FIDUCIARY exercised the authority to sign checks on behalf of TRIBEC including checks which should have been submitted to the FUNDS for contributions.

52. In violation of the AGREEMENT and ERISA, DOE FIDUCIARY has failed to remit all contributions for the period July 2006 to date and continuing throughout the pendency of this action, subject to verification by audit.

53. Pursuant to 29 U.S.C. § 1109(a) and the AGREEMENT, the FUNDS are entitled to recover from DOE FIDUCIARY the following: a) all delinquent contributions found due and owing from June 30, 2005 to date and continuing throughout the pendency of this action, subject to verification by audit; b) interest at ten percent (10%) per annum on all delinquent contributions (as defined in the AGREEMENT); c) the costs of an audit; and d) reasonable attorneys' fees, costs, and expenses.

54. Pursuant to Article29 of the AGREEMENT, EMPLOYER was required to remit union DUES on a monthly basis to LOCAL 1 for each person represented by LOCAL 1 in the employ of TRIBEC.

55. DOE FIDUCIARY exercised dominion and control respecting management or disposition of union DUES that should have been held in trust by EMPLOYER and remitted to LOCAL 1.

56. DOE FIDUCIARY failed to remit union DUES due and owing to LOCAL 1 for

employees of TRIBEC for July 2006 to date and continuing throughout the pendency of this action, subject to verification by audit.

57. DOE FIDUCIARY interfered with plaintiff LOCAL 1's right to possess and control those DUES under common law.

58. Pursuant to common law, LOCAL 1 is entitled to recover from DOE FIDUCIARY the union DUES for June 30, 2005 to date and continuing during the pendency of this action, subject to verification by audit, and interest and attorney's fees thereon.

### Injunctive Relief

59. The EMPLOYER's failure to abide by the AGREEMENT will result in the FUNDS being required to deny the employee-beneficiaries of the FUNDS for whom required contributions may not have been made, the benefits provided thereunder, thereby causing to such employee-beneficiaries substantial and irreparable damage.

60. Further, the FUNDS will be required to provide to employees of the EMPLOYER benefits provided for under the AGREEMENT, notwithstanding the EMPLOYER's failure to make required contributions, thereby reducing the corpus of funds administered by the FUNDS and endangering the rights of employee-beneficiaries thereunder on whose behalf contributions are being made, all to their substantial and irreparable injury.

61. The FUNDS are without an adequate remedy at law and the employee-beneficiaries of the FUNDS and the members of LOCAL 1 will suffer immediate, continuing, and irreparable injury, loss, and damage unless the EMPLOYER is ordered to perform specifically all of its obligations to the FUNDS and LOCAL 1 under the terms of the AGREEMENT and is restrained from continuing its refusal to perform.

## AS AND FOR PLAINTIFF FUNDS' FIRST CLAIM
## FOR RELIEF AGAINST EMPLOYER

62. Plaintiff FUNDS repeat and reallege paragraphs "1" through "61" hereof with the same force and effect as if such were fully set forth herein.

63. EMPLOYER's failure to submit contributions due and owing the FUNDS as set forth in paragraphs "28" through "32" herein, constitutes a violation of 29 U.S.C. §§ 1132 and 1145.

64. Accordingly, pursuant to 29 U.S.C. § 1132(g)(2), the FUNDS are entitled to recover the following: a) all unpaid contributions found due and owing for the period June 30, 2005 to date and continuing throughout the pendency of this action, subject to verification by audit; b) liquidated damages in the amount of twenty percent (20%) on all unpaid contributions; c) simple interest at the rate of ten percent (10%) per annum (as defined in the AGREEMENT) on all unpaid contributions; d) the costs of the audit; and e) attorney's fees, expenses and the costs of the action.

## AS AND FOR THE PLAINTIFF FUNDS' SECOND CLAIM
## FOR RELIEF AGAINST THE EMPLOYER

65. Plaintiff FUNDS repeat and reallege paragraphs "1" through "64" hereof with the same force and effect as if such were set forth here in full.

66. EMPLOYER's failure to submit contributions due and owing to the FUNDS for the period June 30, 2005 to date and continuing throughout the pendency of this action, subject to verification by audit, as set forth in paragraphs "28" through "32" herein, constitutes a violation of the AGREEMENT.

67. Accordingly, the AGREEMENT entitles the FUNDS to receive from

EMPLOYER the following: a) all unpaid contributions for the period June 30, 2005 to date and continuing throughout the pendency of this action, subject to verification by audit; b) the costs of an audit; and c) full damages pursuant to ERISA including liquidated damages of 20%, interest at 10% per annum (as defined in the AGREEMENT), costs of the action, attorney's fees, and expenses.

## AS AND FOR PLAINTIFF FUNDS' THIRD CLAIM FOR RELIEF AGAINST EMPLOYER

68. Plaintiff FUNDS repeat and reallege paragraphs "1" through "67" hereof with the same force and effect as if such were fully set forth herein.

69. 29 U.S.C. § 1132, Article 27 of the AGREEMENT and the common law permit the FUNDS to conduct an audit of EMPLOYER to verify that the FUNDS receive the correct contributions.

70. Accordingly, the FUNDS are entitled to an order requiring EMPLOYER to produce all of its books and records deemed necessary by the FUNDS' auditor to conduct an audit examination of EMPLOYER for the period June 30, 2005 to date. In addition, the FUNDS are entitled to reimbursement for the costs of the audit pursuant to the AGREEMENT if a delinquency is found.

## AS AND FOR PLAINTIFF LOCAL 1'S FIRST CLAIM FOR RELIEF AGAINST EMPLOYER

71. Plaintiff LOCAL 1 repeats and realleges each and every allegation contained in paragraphs "1" through "70" of this Complaint, as if fully set forth herein.

72. EMPLOYER's failure to remit DUES to LOCAL 1 for the period June 30, 2005 to date, as set forth in paragraphs "28" through "32" herein, constitutes a violation of Article 29 of

the AGREEMENT.

73. Accordingly, EMPLOYER is liable to LOCAL 1 for the following: a) unremitted Dues for the period June 30, 2005 to date and continuing throughout the pendency of this action, subject to verification by audit; and b) accrued prejudgment interest on said DUES.

### AS AND FOR THE PLAINTIFF FUNDS' FIRST CLAIM FOR RELIEF AGAINST DEFENDANT OTTAVINO

74. The Plaintiff FUNDS repeat and reallege each and every allegation contained in paragraphs "1" through "73" of this Complaint as if fully set forth herein.

75. EMPLOYER is required to make contributions to the FUNDS.

76. OTTAVINO is a fiduciary under ERISA, 29 U.S.C. §1002(21)(A), with respect to the FUNDS, to the extent he exercises authority or control respecting management or disposition of FUNDS' assets on behalf of EMPLOYER.

77. Similarly, OTTAVINO is a fiduciary under New York Lien Law, Article 3-A § 70 to the extent that he controls the proceeds received by EMPLOYER for work performed in the connection with an improvement of real property.

78. OTTAVINO's failure to submit contributions due and owing from EMPLOYER to the FUNDS, as set forth in paragraphs "43" through "50" herein, constitutes a violation of ERISA fiduciary duties, 29 U.S.C. § 1104 and the fiduciary duties imposed by New York Lien Law, Article 3-A.

79. Pursuant to ERISA, 29 U.S.C. §1109(a), OTTAVINO is personally liable to make good any losses to the FUNDS resulting from each such breach and to restore any profits which would have been made through use of assets of the FUNDS.

80. Accordingly, pursuant to 29 U.S.C. §§ 1109 and 1132(g)(1), the FUNDS are

entitled to recover from OTTAVINO personally: a) all of EMPLOYER's unpaid contributions for the period June 30, 2005 to date and continuing through the pendency of this action, subject to verification by audit; b) accrued prejudgment interest on said unpaid contributions; and c) reasonable attorney's fees, expenses and the cost of the action, including the costs of the audit.

### AS AND FOR PLAINTIFF LOCAL 1's FIRST CLAIM FOR RELIEF AGAINST DEFENDANT OTTAVINO

81. Plaintiff LOCAL 1 repeats and realleges each and every allegation contained in paragraphs "1" through "80" hereof with the same force and effect as if fully set forth herein.

82. In violation of the AGREEMENT and common law, OTTAVINO failed to remit DUES to LOCAL 1 for members employed by TRIBEC for the period June 30, 2005 to date and continuing through the pendency of this action, subject to verification by audit, as set forth in paragraphs "43" through "50."

83. Pursuant to Article 29 of the AGREEMENT and common law, TRIBEC was required to remit DUES on a monthly basis to LOCAL 1 for each member of LOCAL 1 in the employ of TRIBEC.

84. OTTAVINO, as an officer of TRIBEC, exercised dominion and control respecting management or disposition of DUES.

85. OTTAVINO was obligated to hold DUES in trust and remit them to LOCAL 1 pursuant to the AGREEMENT and common law.

86. OTTAVINO interfered with Plaintiff LOCAL 1's right to possess and control those DUES.

87. Pursuant to the AGREEMENT and common law, OTTAVINO is personally liable to make good any losses to LOCAL 1 from any breach of his duty to remit DUES due and owing

to LOCAL 1.

88. Accordingly, pursuant to the AGREEMENT and common law, LOCAL 1 is entitled to recover from OTTAVINO personally all unpaid DUES found due and owing for the period June 30, 2005 to date and continuing throughout the pendency of this action, subject to verification by audit; and b) pre-judgment interest on said DUES.

## AS AND FOR THE PLAINTIFF FUNDS' FIRST CLAIM FOR RELIEF AGAINST DEFENDANT DOE FIDUCIARY

89. The Plaintiff FUNDS repeat and reallege each and every allegation contained in paragraphs "1" through "88" of this Complaint as if fully set forth herein.

90. EMPLOYER is required to make contributions to the FUNDS.

91. DOE FIDUCIARY is a fiduciary under ERISA, 29 U.S.C. §1002(21)(A), with respect to the FUNDS, to the extent he/she exercises authority or control respecting management or disposition of FUNDS' assets on behalf of EMPLOYER.

92. Similarly, DOE FIDUCIARY is a fiduciary under New York Lien Law, Article 3-A, § 70 to the extent that he/she controls the proceeds received by TRIBEC for work performed in the connection with an improvement of real property.

93. DOE FIDUCIARY's failure to submit contributions due and owing from EMPLOYER to the FUNDS, as set forth in paragraphs "51" through "58" herein, constitutes a violation of ERISA fiduciary duties, 29 U.S.C. § 1104 and the fiduciary duties imposed by New York Lien Law, Article 3-A.

94. Pursuant to ERISA, 29 U.S.C. §1109(a), DOE FIDUCIARY is personally liable to make good any losses to the FUNDS resulting from each such breach and to restore any profits which would have been made through use of assets of the FUNDS.

95.   Accordingly, pursuant to 29 U.S.C. §§ 1109 and 1132(g)(1), the FUNDS are entitled to recover from DOE FIDUCIARY personally: a) all EMPLOYER's unpaid contributions for the period June 30, 2005 to date and continuing through the pendency of this action, in an amount subject to verification by audit; b) accrued prejudgment interest on said unpaid contributions; and c) reasonable attorney's fees, expenses and the cost of the action, including the costs of the audit.

### AS AND FOR PLAINTIFF LOCAL 1's FIRST CLAIM FOR RELIEF AGAINST DEFENDANT DOE FIDUCIARY

96.   Plaintiff LOCAL 1 repeats and realleges each and every allegation contained in paragraphs "1" through "95" hereof with the same force and effect as if fully set forth herein.

97.   In violation of the AGREEMENT and common law, DOE FIDUCIARY failed to remit DUES to LOCAL 1 for members employed by TRIBEC for the period June 30, 2005 to date and continuing throughout the pendency of this action, subject to verification by audit, as set forth in paragraphs "51" through "58" herein.

98.   Pursuant to Article 34 of the AGREEMENT and common law, TRIBEC was required to remit DUES to LOCAL 1 for each member of LOCAL 1 in the employ of TRIBEC.

99.   DOE FIDUCIARY exercised dominion and control respecting the management or disposition of DUES.

100.   DOE FIDUCIARY was obligated to hold the DUES in trust and remit them to Local 1.

101.   DOE FIDUCIARY interfered with Plaintiff LOCAL 1's right to possess and control those DUES under common law.

102.   Accordingly, pursuant to the AGREEMENT and common law, LOCAL 1 is

entitled to recover from DOE FIDUCIARY: a) all unpaid DUES due and owing for the period June 30, 2005 to date and continuing throughout the pendency of this action, subject to verification by audit; and b) pre-judgment interest on said DUES from the date the cause of action accrued.

### AS AND FOR PLAINTIFF FUNDS' AND PLAINTIFF LOCAL 1'S FIRST JOINT CLAIM FOR RELIEF AGAINST EMPLOYER

103.   Plaintiffs FUNDS and LOCAL 1 repeat and reallege each and every allegation contained in paragraphs "1" through "102" of this Complaint, as if fully set forth herein.

104.   As described in paragraphs "28" through "32" herein, EMPLOYER has failed do the following: a) remit contributions timely for all employees performing work covered by the AGREEMENT; and b) remit DUES timely for all employees performing work covered by the AGREEMENT. EMPLOYER's conduct demonstrates a significant likelihood that they will continue to breach the terms of the AGREEMENT.

105.   Plaintiffs FUNDS and LOCAL 1 have no adequate remedy at law to ensure that EMPLOYER will adhere to the terms of the AGREEMENT.

106.   Participants of plaintiff FUNDS and members of plaintiff LOCAL 1 will suffer immediate and irreparable injury unless EMPLOYER, its officers, agents, servants and employees are enjoined from failing to pay the required contributions and DUES pursuant to the AGREEMENT.

107.   Accordingly, plaintiffs FUNDS and LOCAL 1 request this Court to enjoin permanently EMPLOYER, their officers, agents, servants, employees, and all persons in active concert or participation with them from failing to do the following: a) pay contributions to the FUNDS as they come due; and b) pay DUES to LOCAL 1 as they come due. Plaintiffs are

entitled to such relief pursuant to the AGREEMENT and ERISA.

**WHEREFORE**, plaintiffs FUNDS and LOCAL 1 hereby request judgment as follows:

1. against EMPLOYER for all outstanding past due contributions to the FUNDS from June 30, 2005 to date and continuing throughout the pendency of this action, subject to verification by audit, pursuant to 29 U.S.C. § 1132;

2. against EMPLOYER for payment of all outstanding DUES for the period June 30, 2005 to date and continuing throughout the pendency of this action, subject to verification by audit, along with interest thereon in accordance with the AGREEMENT and Common Law;

3. against EMPLOYER for statutory liquidated damages of twenty percent (20%) on all contributions found due and owing under the AGREEMENT, in accordance with ERISA;

4. against the EMPLOYER for interest at the rate of ten percent (10%) on all unpaid contributions found to be due and owing under the AGREEMENT, in accordance with ERISA and the AGREEMENT;

5. against EMPLOYER for all audit costs in accordance with ERISA and the AGREEMENT;

6. against EMPLOYER for attorneys' fees, costs and expenses from this action in accordance with the AGREEMENT and ERISA;

7. against EMPLOYER in the form of an Order under 29 U.S.C. § 1132 the AGREEMENT and the common law requiring EMPLOYER to produce all its books and records deemed necessary by the FUNDS' auditor for inspection and copying to determine the correct amount of contributions due and owing the FUNDS;

8. against EMPLOYER permanently enjoining EMPLOYER, its officers, agents, servants, employees and all person in active concert or participation with them, from failing to do the following: a) timely pay contributions to the FUNDS ; and b) timely pay DUES to LOCAL 1;

9. against EMPLOYER in the form of an Order under 29 U.S.C. §1132 and the common law, permitting the FUNDS the right to estimate and enter judgment on the amount of EMPLOYER's contributions due and owing and to assess prejudgment interest of 10% per annum (as defined in the AGREEMENT) on said contributions, liquidated damages of twenty percent (20%) on said contributions, audit costs, reasonable attorney's fees, costs and expenses;

10. against EMPLOYER for accrued prejudgment interest on all unpaid DUES found to be due and owing under the AGREEMENT;

11. against OTTAVINO and DOE FICUDIARY for all outstanding past due contributions to the FUNDS, for the period June 30, 2005 to date and continuing throughout the pendency of this action, subject to verification by audit, in accordance with ERISA;

12. against OTTAVINO and DOE FIDUCIARY for payment of all unpaid DUES due and owing LOCAL 1 for the period June 30, 2005 to date and continuing throughout the pendency of this action, subject to verification by audit;

13. against OTTAVINO and DOE FIDUCIARY for accrued prejudgment interest on all outstanding past due contributions to the FUNDS;

14. against OTTAVINO and DOE FIDUCIARY for accrued prejudgment interest on all outstanding past due DUES to LOCAL 1;

15. against OTTAVINO and DOE FIDUCIARY for attorney's fees, costs and expenses, including the cost of an audit, from this action, in accordance with ERISA; and

16. for such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 26, 2007

HOLM & O'HARA LLP

By: _____
Delmas A. Costin, Jr. (DC 2926)
HOLM & O'HARA LLP
Attorneys for Plaintiffs
420 Lexington Avenue, Suite 1745
New York, New York 10170
(212) 682-2280

L:\VFO\STONESET.84\4088.009-Tribec\New Tribec Case\Pleadings\Tribec.Complaint.doc