UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SANTO LANZAFAME in his fiduciary capacity as
a Trustee of THE STONE SETTERS LOCAL 84
PENSION FUND, ANNUITY FUND, VACATION
FUND, APPRENTICE FUND and INDUSTRY
PROMOTION FUND and as a Trustee of the
BRICKLAYERS LOCAL NO. 1 WELFARE AND
INSURANCE FUND and as President of the
BRICKLAYER AND ALLIED CRAFTWORKERS,
LOCAL UNION NO .1, NEW YORK, B.A.C.I.U
AFL-CIO,

                               Civ. No. 07 Civ. 3351 (RWS)

               Plaintiffs,

       v.

TRIBEC LTD., ADAM OTTAVINO and
JOHN or JANE DOE FIDUCIARY,

               Defendants.
------------------------------------------------------------------X

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS OR STAY THIS ACTION BASED ON ARBITRATION CLAUSES

*DAVID J. ARONSTAM, ESQ.*
*Attorney for Defendants*
*192 Lexington Avenue*
*Suite 1202*
*New York, New York 10016*
*(212) 949-6210*

## **INTRODUCTION**

The Defendants, Defendants Tribec Ltd. and Adam Ottavino, move this Court for an order or orders (i) staying this action under the Federal Arbitration Act pending the conclusion of arbitration between the parties, and (ii) such other and further relief as this Court deems just and proper.

The Plaintiff is the trustee of union benefit funds and a trade union commonly known as Local No. 1. Hereinafter, Plaintiff will be referred to as "Local No. 1."

Defendant Tribec Ltd. ("Tribec") is a corporation engaged in the stone setting business and is an employer of members of Local No. 1. Defendant Adam Ottavino ("Ottavino") is the President of Tribec.

On or about July 18, 2006, the parties entered into a Memorandum of Agreement, a copy of which is annexed as Exhibit C to the Aronstam Declaration (the "Memorandum of Agreement").

Pursuant to the Memorandum of Agreement, the terms of a Collective Bargaining Agreement between the parties were incorporated except to the extent modified by the Memorandum of Agreement. The Collective Bargaining Agreement between the parties is annexed as Exhibit B to the Aronstam Declaration. The Memorandum of Agreement essentially adopts the Collective Bargaining Agreement but just modifies the wages payable to the union members.

Article 11 of the Collective Bargaining Agreement provides in pertinent part that:

**"ARBITRATION**

**All grievances or complaints which cannot be satisfactorily adjusted between the individual employer and the Union will be submitted to a Stone Trade Board which shall consist of three (3) Stone setting contractors selected by the Employer and three (3) persons selected by the Union. The Stone Trade**

1

**Board shall have the power to render a decision determining the facts in dispute and to order the parties hereto to take such action as may be necessary to assure compliance therewith, including the determination and imposition of damages and fines and costs of the Stone Trade Board proceeding and such decision shall be final and binding and conclusive with full rights of enforcement in any court of competent jurisdiction.[1]"** (Emphasis provided.)

This dispute concerns the alleged failure of Tribec to make wage and fringe benefit contributions to Local No. 1. Such contributions are set forth in Article 24 of the Collective Bargaining Agreement as amended by the Memorandum of Agreement.

It is undisputed that Plaintiff has not submitted this dispute to the Stone Trade Board. Defendants submit that there can be no question that the dispute as alleged in the Complaint must be arbitrated pursuant to Article 11 of the Collective Bargaining Agreement ("CBA").

## ARGUMENT

### A.  The Federal Arbitration Act Mandates a Stay of the Arbitrable Claims

The Federal Arbitration Act provides that a court, upon being satisfied that "any issue" involved in a suit before it is "referable to arbitration . . . shall upon application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement. . . ." 9 U.S.C. § 3. The Supreme Court has reaffirmed that "these provisions . . . manifest a liberal federal policy favoring arbitration agreements.'" *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002). As such, (1) "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration," *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983), and (2) the "strong federal policy" favoring arbitration is

---

[1] Article 11 further provides that in the event of a tie at the Stone Trade Board, the matter may be submitted to the American Arbitration Association for final determination.

2

a mandate: courts "must stay proceedings" that are subject to a written arbitration agreement. *WorldCrisa Corp. v. Armstrong,* 129 F.3d 71, 74 (2d Cir. 1997).

### B. Local No. 1's Claims Against Tribec Should be Arbitrated Under the CBA

Pursuant to Article 11 of the CBA, Local No. 1 is bound by an express agreement to submit any "grievance or complaint" with Tribec to arbitration before the Stone Trade Board.

Local No. 1's "complaint" falls squarely within the scope of Article 11 because there is no substantive limitation on the scope of Article 11: it requires arbitration of "all complaints" between the employer and the Union. Such comprehensive arbitration provisions create a strong "presumption in favor of arbitration," *Provident Bank v. Kabas,* 141 F. Supp. 2d 310, 316 (E.D.N.Y. 2001), that can be overcome only by "positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *WorldCrisa,* 129 F.3d at 74-75. "[I]f the allegations underlying the claims 'touch matters' covered by the parties' ... agreements, then those claims must be arbitrated, whatever the legal labels attached to them." *Id.* All "[d]oubts should be resolved in favor of coverage." *Id..*

Under this standard, Local No. 1 can defeat the presumption of arbitrability only if it proves that its claims are wholly unrelated to the Collective Bargaining Agreement. This it cannot do. The claims in the Complaint all involve unpaid benefits squarely falling under the Collective Bargaining Agreement. Arbitration against Tribec is mandated under the circumstances.

### C. Local No. 1's Claims Against Ottavino Should be Stayed Pending Arbitration

Where a plaintiff's claims all "arise out of the same set of facts" as an arbitrable claim, courts routinely stay the <u>entire</u> action as to all parties, including claims against parties not subject to the arbitration agreement. *Provident Bank*, 141 F. Supp. 2d at 318-19; *see WorldCrisa Corp.* 129 F.3d at 76 (staying claims as to party not subject to arbitration). Moreover, it is well-settled that a non-party to an arbitration agreement, such as Ottavino, has standing to enforce the arbitrating parties' agreement where, as here, the arbitrable issues are "intertwined" with the claims against the non-party. *See, e.g., JLM Indus., Inc.*, 387 F.3d at 177-78 (citing *Astra Oil Co. v. Rover Navigation, Ltd*, 344 F.3d 276 (2d Cir. 2003), *Choctaw Generation Ltd. P'ship v. Am. Home Assurance Co.*, 271 F.3d 403 (2d Cir. 2001) and *Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc.*, 198 F.3d 88 (2d Cir. 1999)).

Prior to bringing any claims against Ottavino in this Court, the Plaintiff must arbitrate the claims asserted in the Complaint against Tribec before the Stone Trade Board.

### Conclusion

For the reasons set forth herein, this action should be dismissed and the matter arbitrated in accordance with the express terms of the Collective Bargaining Agreement.

Dated: New York, New York
June 15, 2007

DAVID J. ARONSTAM, ESQ. (DA 5163)
192 Lexington Avenue, Suite 1202
New York, New York 10016
(212) 949-6210
Attorney for Defendants

CERTIFICATE OF SERVICE

DAVID J. ARONSTAM, an attorney duly admitted to practice before the courts of New York State, affirms the following under the penalties of perjury: I am not a party to the action, am over 18 years of age and reside at New York, New York. On June 15, 2007, I served the DEFENDANTS' MEMORANDUM OF LAW on:

Delmas Costin, Esq.
Holm & O'Hara LLP
Attorneys for Plaintiffs
3 West 35th Street, 9th floor
New York, New York 10001

by depositing a true copy thereof by first class mail enclosed in a post-paid wrapper in an official depository under the exclusive care and custody of the United States Postal Service within New York State.

Dated: New York, New York
June 15, 2007

DAVID J. ARONSTAM