UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SANTO LANZAFAME in his fiduciary capacity as a  :
Trustee of the STONE SETTERS LOCAL 84 PENSION  :
FUND, ANNUITY FUND, VACATION FUND,  :
APPRENTICE FUND and INDUSTRY PROMOTION  :
FUND and as a Trustee of the BRICKLAYERS LOCAL  :
NO. 1 WELFARE AND INSURANCE FUND and as  :
President of the BRICKLAYERS AND ALLIED  :
CRAFTWORKERS, LOCAL UNION NO. 1, NEW  :
YORK, B.A.C.I.U., AFL-CIO,                              : 07 Civ. 3351 (RWS)
                                                                         :
       Plaintiffs,            :
                                                                         :
   -against-                                       :
                                                                         :
TRIBEC LTD., ADAM OTTAVINO and JOHN and/or  :
JANE DOE FIDUCIARY,                                 :
                                                                         :
       Defendants.          :
-------------------------------------------------------------------X

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS OR STAY THIS ACTION**

              **Submitted by,**

              **HOLM & O'HARA LLP**
              **Attorneys for Plaintiffs**
              **3 West 35th Street, 9th Floor**
              **New York, New York 10001**

Delmas A. Costin, Jr. (DC2926)
  Of Counsel

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................. ii

PRELIMINARY STATEMENT ............................................... 1

ARGUMENT ................................................................ 2

    I.    POINT I
             DEFENDANTS' ARE NOT ENTITLED TO DISMISSAL .............. 2

    II.   POINT II
             PLAINTIFFS ARE UNION AND ERISA EMPLOYEE BENEFIT PLAN
             SUBJECT TO DIFFERENT

             A. Legal Description of Plaintiffs ............................ 3

             B. The Funds Can Not Be Compelled To Arbitrate Any Claims Under The
                Federal Arbitration Act ................................... 4

             C. Local 1 Is Not Required To Arbitrate Its Claims Due To Prior Bad Acts
                of Defendants .......................................... 11

             D. The Court Is Not Empowered To Dismiss the Local 1 Claims ........ 13

    III.  POINT III
             LOCAL 1 SHOULD NOT BE REQUIRED TO ARBITRATE ITS CLAIMS
             AGAINST DEFENDANTS ...................................... 14

CONCLUSION ............................................................. 15

TABLE OF AUTHORITIES

Pages

**U.S. SUPREME COURT CASES**

Central States, Southeast & Southwest Areas Pension Fund v. Central Transp.,
472 U.S. 559 (1985)......................................................3

Dean Witter Reynolds, Inc. v. Byrd,
470 U.S. 213 (1984).....................................................8, 9

Lewis v. Benedict Coal Corp.,
361 U.S. 459 (1960).......................................................4

Schneider Moving & Storage Co. v. Robbins et al.,
466 U.S. 364 (1984)................................................5, 6, 7, 8

The Anaconda v. American Sugar Refining Co.,
322 U.S. 42 (1944)....................................................3, 15

Wilko v. Swan,
346 U.S. 427 (1953).......................................................9

**U.S. CIRCUIT COURT OF APPEALS CASES**

Chang v. Lin,
824 F.2d 219 (2d Cir., 1987)..............................................9

Genesco, Inc. v. T. Kakiuchi & Co.,
815 F.2d 840 (2nd Cir. 1987).........................................4, 5, 8

O'Hare v. General Marine Transport Corp.
740 F.2d 160 (2d. Cir, 1984).............................................7

**U.S. DISTRICT COURT CASES**

Bancol y Cia. S. en C. v. Bancolombia S.A.,
123 F. Supp. 2d 771 (S.D.N.Y. 2000)..................................3, 14

Capone v. Elec. Boat Corp.,
2007 U.S. Dist. LEXIS 36768 (D. Conn. 2007).............................5

Local 8A-28A Welfare & 401(k) Ret. Funds v. Golden Eagles Architectural Metal
Cleaning & Refinishing,

277 F. Supp. 2d 291 (S.D.N.Y 2003) .............................................7

Local 8A-28A Welfare and 401(k) Retirement Funds v. The Millard Group, Inc.
2004 U.S. Dist. LEXIS 2288 (S.D.N.Y. 2004) ....................................7

MI Installers vs. New York City District Council of Carpenters Pension Fund,
476 F. Supp. 2d 387 (S.D.N.Y. 2007) ...........................................7

MIC-RON Gen. Contractors v. Trustees of the N.Y. City Dist. Council of Carpenters Benefit Funds,
908 F. Supp. 208 (S.D.N.Y. 1995) ............................................7, 8

Roberts v. Electronic Reprod. Serv. Corp.,
1996 U.S. Dist. LEXIS 3330 (S.D.N.Y. 1996) ...................................7

**FEDERAL STATUTES**

9 U.S.C. § 3............................................................2, 3, 8

9 U.S.C. §142 (1)..........................................................4

9 U.S.C. §151............................................................15

29 U.S.C. §185............................................................3

29 U.S.C. § 1002(2).......................................................3

29 U.S.C. § 1002(3).......................................................3

29 U.S.C. § 1002(12).....................................................3

29 U.S.C. § 1002(37).....................................................3

29 U.S.C. § 1132(a)(3)...................................................10

29 U.S.C. § 1132(d)(l)....................................................3

29 U.S.C. § 1132(g).......................................................3

29 U.S.C. § 1145........................................................3, 4

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SANTO LANZAFAME in his fiduciary capacity as a        :
Trustee of the STONE SETTERS LOCAL 84 PENSION         :
 FUND, ANNUITY FUND, VACATION FUND,                   :
APPRENTICE FUND and INDUSTRY PROMOTION                :
FUND and as a Trustee of the BRICKLAYERS LOCAL        :
NO. 1 WELFARE AND INSURANCE FUND and as               :
President of the BRICKLAYERS AND ALLIED               :
CRAFTWORKERS, LOCAL UNION NO. 1, NEW                  :
YORK, B.A.C.I.U., AFL-CIO,                            :   07 Civ. 3351(RWS)
                                                      :
                                                      :
                               Plaintiffs,            :
                                                      :
             -against-                                :
                                                      :
TRIBEC LTD., ADAM OTTAVINO and JOHN and/or            :
JANE DOE FIDUCIARY,                                   :
                                                      :
                               Defendants.            :
------------------------------------------------------------------------X
```

**PLAINTIFFS' MEMORANDUM OF LAW IN
OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS OR STAY THIS ACTION**

**PRELIMINARY STATEMENT**

Plaintiffs filed this action against Defendants Tribec Ltd. ("Defendant Tribec") and Adam Ottavino ("Defendant Ottavino") to collect unpaid contributions and dues alleging causes of actions under ERISA, LMRA and pendent state claims. Plaintiffs sought an audit of the Defendants. Defendants Ottavino and Tribec are no strangers to this type of lawsuit. Previously, Defendant Ottavino and Tribec were sued by the Plaintiffs in *Lanzafame v. Tribec Ltd., Adam Ottavino* 03-CV-2166 (Kaplan, J.) for failure to pay dues and contributions. Judgment was entered in the amount of

$202,500.00 after Defendants defaulted on a Stipulation of Settlement. Despite the prior litigation and their abuse of the collective bargaining agreement and their employees, Defendants wish to assert their right to arbitration under this collective bargaining agreement against the Plaintiffs by stay or dismissal.

Defendants have filed "Defendants' Motion to Dismiss or Stay This Action Based Upon Arbitration Clauses" together a Declaration and Memorandum of Law seeking (i) a stay under the Federal Arbitration Act and (ii) such other and further relief from this Court deem just and proper. With the exception of the captions, Defendants' Motion and Declaration do not request dismissal. Defendants' Memorandum of the Law in the Introduction recites that Defendants are moving under the Federal Arbitration Act for a stay and such other and further relief but the Conclusion requests "dismissal."

No Federal Rule of Civil Procedure, for example, Rule 12, is cited in any of the moving papers and no differentiation is made among the Funds and BAC Local 1 who are the Plaintiffs in this case.

Plaintiffs' object to the Defendants' attempt to create confusion regarding the parties, the issues and the relief sought.

## POINT I

## DEFENDANTS ARE NOT ENTITLED TO DISMISSAL

The Federal Arbitration Act ("FAA") does not require dismissal. Section 3 of the FAA provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to

> arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

The Court maintains jurisdiction over the underlying case. *The Anaconda v. American Sugar Refining Co.*, 322 U.S. 42, 44 (1944), *Bancol y Cia. S. en C. v. Bancolombia S.A.*, 123 F. Supp. 2d 771, 772 (S.D.N.Y. 2000). Accordingly, should the Court order the parties to proceed to arbitration regarding any of the issues, the Court may not dismiss the underlying case.

## POINT II

## PLAINTIFFS ARE A UNION AND ERISA EMPLOYEE BENEFIT PLANS SUBJECT TO DIFFERENT LEGAL STANDARDS

A. Legal Description of Plaintiffs

Contrary to Defendants' reference to "Plaintiff" and their attempt to lump all Plaintiffs as "Local No. 1", the Plaintiff Funds are employee benefit plans within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(2), (3), and 1132(d)(l) and "multiemployer plans" within the meaning of 29 U.S.C. §§ 1002(37) and 1145. The Funds are authorized to be a party in lawsuits, 29 U.S.C. § 1132(d)(l), and are authorized to bring this lawsuit in federal court pursuant to 29 U.S.C §§1132(g) The Funds provide "specific benefits to those who are entitled to them in accordance with the terms of a plan." *Central States, Southeast & Southwest Areas Pension Fund v. Central Transp.*, 472 U.S. 559, at 577 (1985).

Local 1 is a voluntary association under the laws of the State of New York and a labor organization within the meaning of 29 U.S.C. § 185 that represents employees in an industry affecting commerce as defined in 29 U.S.C. § 142(1) and 29 U.S.C. §1002(12). Local 1 is authorized to commence this lawsuit pursuant to 29 U.S.C. §185.

The Funds, as non-signatories to the collective bargaining agreement, are third party beneficiaries of the collective bargaining agreement between Local 1and Defendants. *Lewis v. Benedict Coal Corp.,* 361 U.S. 459, 468 (1960). Pursuant to Section 515 of ERISA, the Funds are not subject to contractual defenses. 29 U.S.C. §1145.

In the present case, these differences are critical to recognizing that there are two claims at stake, not one, and that they are ***not*** governed by a single, simplistic legal principle, as Defendants suggest. Application of the proper test instantly reveals that the Funds are not bound to arbitrate, and may proceed with the adjudication of its claims in this judicial forum. Further, Defendants have not demanded arbitration and are equitably estopped from compelling as to Local 1.

B. <u>The Funds cannot be Compelled to Arbitrate any Claims under the Federal Arbitration Act</u>

In addition to Defendants' mischaracterization of the Plaintiffs, Defendants argue that the Funds must arbitrate pursuant to the FAA. However, the FAA does not require the Funds to arbitrate since they are non-signatories to the collective bargaining agreement. The Funds never agreed to arbitrate with the Defendants. There is no language in the arbitration clause which binds the Funds to the arbitration clause.

In reviewing motions to stay proceedings pending arbitration, pursuant to the FAA, the Second Circuit has held that courts must determine the following: 1) whether the parties agreed to arbitrate, 2) the scope of that agreement, 3) if federal statutory claims are asserted, whether Congress intended those claims to be nonarbitrable, and 4) if some, but not all, of the claims in the case are arbitrable, it must determine whether to stay the balance of the proceedings pending arbitration. *Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 844 (2nd Cir. 1987), *Capone v. Elec. Boat Corp.*, 2007 U.S. Dist. LEXIS 36768 (D. Conn. 2007).

The Funds never agreed to arbitrate, so the first element cannot be met. Article 11 of the collective bargaining agreement provides that "All grievances or complaints…between the individual employer and the Union…" It does not reference disputes between the Funds and the individual employer.

The law regarding compelling arbitration of Funds ERISA collection actions was established by the Supreme Court in *Schneider Moving & Storage Co. v. Robbins et al.*, 466 U.S. 364 (1984). The Supreme Court rejected the claim that the FAA's policy of favoring arbitration was applicable to the Funds. The Court explained, "Arbitration promotes labor peace because it requires the parties to forgo the economic weapons of strikes and lockouts. Because the trustees of employee-benefit funds have no recourse to either of those weapons, requiring them to arbitrate disputes with the employer would promote labor peace only indirectly, if at all." 466 U.S 372. The Court then rejected the presumption of arbitrability as to ERISA trustees, "even if those disputes raise questions of interpretation under the collective-bargaining agreements." 466 U.S. 372. Thus, Defendants' assertions that Plaintiffs' entire action is subject to the presumption of

arbitrability is legally incorrect because the presumption does not apply to trustees of employee benefit funds.

After renouncing the presumption of arbitrability, the Court concluded in *Schneider* that the proper inquiry was to examine the collective bargaining agreement for evidence of an intent to bind the funds to arbitration. The Court reasoned that the trust agreement at issue conferred broad discretion upon the trustees to initiate the legal proceeding of its choosing, and contained no provision conditioning their discretion on the exhaustion of contractual remedies. *Schneider,* 466 U.S. 373. Moreover, the arbitration clause required arbitration of only those differences arising, "between the Company and the Union…". *Schneider,* 466 U.S. 374. Based on these provisions, the Court concluded that the collective bargaining agreement evidenced no requirement on the part of the trustees to arbitrate their claims, and that, "In the absence of evidence to the contrary…we will not infer that the parties…intended to condition the trustee's enforcement authority on the arbitration procedures..." *Schneider,* 466 U.S. 374.

The collective bargaining agreement in the instant case is similar to that in *Schneider*, as it specifically recognizes the right of the Funds to pursue collection in the forum of their choosing. Enforcement mechanisms in the trust agreements empower the Funds to initiate proceedings to ensure timely collection of contributions. *See,* Affirmation of Delmas A. Costin, Jr. Articles 24 and 25 of the collective bargaining agreement also state that pursue collection through, "… arbitration, the courts, the N.L.R.B, or otherwise." *See* Defendants' Exhibit "B". The Funds' rights are further amplified by Article 30 of the collective bargaining agreement, which binds the Defendants to the provisions of the trust agreements. The collective bargaining agreement

also does not condition the Funds' discretion on the exhaustion of arbitration or other contractual remedies. Moreover, the Funds are outside of the scope of the arbitration clause found in Article 11, as it refers only to those grievances and complaints incapable of resolution, "all grievances or complaints ... between the individual employer and the Union." Significantly, the Funds did not sign the collective bargaining agreement. (*See* defendants Exhibit "C"). These facts make clear that the Funds and Defendants did not intend to arbitrate their disputes, and that the Funds fall outside the scope of the existing arbitration clause. In a similar case, Judge Sweet denied Plaintiffs' motion for dismissal against the Funds on the ground that the collective bargaining agreement required the Funds to arbitrate. *Local 8A-28A Welfare & 401(k) Ret. Funds v. Golden Eagles Architectural Metal Cleaning & Refinishing*, 277 F. Supp. 2d 291, 297 (S.D.N.Y 2003).

The Second Circuit and courts in the Southern District have cited *Schneider* in determining whether ERISA trustees are bound to arbitrate under the collective bargaining agreement. In *O'Hare v. General Marine Transport Corp.* 740 F.2d 160 (2d. Cir, 1984), the Court cited *Schneider* and explained that, "The existence of a duty of trustees to arbitrate claims for unpaid contributions before pursuing judicial remedies is determined by analyzing the collective bargaining agreement and trust agreement to see whether they call for such arbitration." 740 F.2d 168. *See also MI Installers vs. New York City District Council of Carpenters Pension Fund*, 476 F. Supp. 2d 387 (S.D.N.Y. 2007); *Local 8A-28A Welfare and 401(k) Retirement Funds v. The Millard Group, Inc.* 2004 U.S. Dist. LEXIS 2288 (S.D.N.Y. 2004); *Roberts v. Electronic Reprod. Serv. Corp.*, 1996 U.S. Dist. LEXIS 3330 (S.D.N.Y. 1996); *MIC-RON Gen. Contractors v.*

*Trustees of the N.Y. City Dist. Council of Carpenters Benefit Funds*, 908 F. Supp. 208, (S.D.N.Y. 1995).

The liberal policy favoring arbitration put forth by the Defendants' is inapplicable to ERISA claims brought by trustees of an employee-benefit fund. Also, the collective bargaining agreement in the present case evidences no intent on the part of the parties to require the Funds to arbitrate. *Genesco's* first element is not met because no arbitration agreement exists between the Plaintiff Funds and Defendant employer and the relevant Trust Agreements permit this lawsuit and do not mandate arbitration.

The second element of *Genesco* is similarly not met because the Funds are outside the scope of the arbitration clause in Article 11. Moreover, both the Trust Agreements and Articles 24 and 25 the collective bargaining agreement bestow upon the Funds broad discretionary power to pursue collection in whichever forum they chose. As such, the FAA's arbitration mandates are inapplicable to the Funds. Pursuant to the legal standard articulated in *Schneider*, the Court must deny Defendants' motion to stay the case for arbitration as to the Fund's claims.

The third element favors the Funds because the statutory scheme of ERISA provides for jurisdiction in federal court. Under the fourth element of *Genesco*, even if the Court finds that Local 1's claim for dues must be arbitrated, the FAA does not require a stay of the Funds' nonarbitrable claims. *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213 at 217 (1984). In *Byrd*, Justice White reasoned that, "…once it is decided that the two proceedings are to go forward independently, while the impossibility of the lawyers being in two places at once may require some accommodation in scheduling, it seems to

me that the heavy presumption should be that the arbitration and the lawsuit will each proceed in its normal course." (470 U.S 225, White, J., concurring).

The Second Circuit adopted Justice White's reasoning in *Chang v. Lin,* 824 F.2d 219, (2d Cir., 1987). In *Chang,* plaintiff had alleged violations of both the 1933 and 1934 Securities Act. In response, defendant's moved to compel arbitration of the 1934 claim, which was subject to an arbitration agreement. The Court reasoned that, although the 1934 claim was subject to arbitration pursuant to both the agreement and 9 U.S.C. §3 of the FAA, that plaintiff also had "the right to litigate a '33 Act claim in a federal court notwithstanding any arbitration agreement with the defendant." *Chang,* 824 F.2d at 222. In balancing the plaintiff's obligation to arbitrate its 1934 claim, and its right to litigate its 1933 claim, the Court reasoned that,

> This right [to litigate] is substantially diminished if such claims must lay dormant until other claims arising out of the same series of events have been arbitrated. Evidence supporting the federal claims may become stale or unavailable prior to the conclusion of the arbitration. Moreover, delay generally works to the advantage of defendants who may well be inclined to prolong the arbitration unnecessarily in the hope that plaintiffs ultimately will be forced to abandon their nonarbitrable claims. If nonarbitrable federal claims are stayed pending the arbitration of other federal or state claims, plaintiffs…face the unhappy choice of either foregoing arbitrable claims in order to obtain prompt consideration of the other claims or waiting months, if not years, before their non-arbitrable claims will be heard by a federal court. *Chang,* 824 F.2d at 222.

The Second Court adopted Justice White's concurrence in Byrd and held that at least where 1933 non-arbitrable claims were involved, both arbitration and federal litigation ought to proceed simultaneously. *Chang,* 824 F.2d at 223.

Although the above reasoning was developed in the context of securities law, it is no less applicable here. The "right to litigate" referred to in *Chang* was established in *Wilko v. Swan,* 346 U.S. 427, (1953), which held that the 1933 Securities Act safeguarded

a plaintiff's right to litigate Section 12(2) claims in a federal forum, notwithstanding an arbitration agreement. *Chang,* 824 F.2d at 222. The Supreme Court's reasoning was based in part on Section 22 of the 1933 Act, which provided that in the event of Act violations, "Any such suit or action may be brought in the district wherein the defendant is found." Similarly, the pertinent part of section 502 of ERISA provides that, "A civil action may be brought…by a participant, beneficiary, or fiduciary to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan or (B) to obtain other appropriate equitable relief i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 USCS § 1132 (a)(3). The Congressional purpose in providing such ready access to a judicial forum was expressed in section 1001(b) of ERISA:

> It is hereby declared to be the policy of this Act to protect interstate commerce and the interests of participants in employee benefit plans and their beneficiaries, by requiring the disclosure and reporting to participants and beneficiaries of financial and other information with respect thereto, by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by *providing for appropriate remedies, sanctions, and ready access to the Federal courts.* (emphasis added)

This statutory text demonstrates Congress's determination that Federal courts were an indispensable and integral part of ERISA's success. As such, the desirability of a speedy resolution and simultaneous proceedings articulated in *Chang* are present here, where there is the prospect of federal claims becoming stale during a potentially prolonged arbitration process.

## POINT III

## LOCAL 1 SHOULD NOT BE REQUIRED TO ARBITRATE ITS CLAIMS AGAINST DEFENDANTS

Defendants have not filed for arbitration so this action cannot be stayed for arbitration.

Defendants have failed and refused to pay wages and benefits to its employees represented by Local 1. Defendants have submitted checks which were dishonored to pay the Funds and the Union. This is not the first time Mr. Ottavino has failed to pay. BAC Local 1 and the Funds have sued and received a judgment against Mr. Ottavino and Tribec, Ltd. in *Lanzafame v. Tribec Ltd., Adam Ottavino et al. See,* Affirmation of Delmas A. Costin, Jr.

Defendants refused to permit the Funds to complete an audit, refused to pay the contributions to the Funds and dues/political contributions to Local 1, refused to make the Funds and Local 1 whole on the checks returned for insufficient funds. Defendants should not be permitted a stay as a matter of equity.

Defendants have waived their right to arbitrate by litigating against the Plaintiffs in a prior action to Judgment. Additionally, Defendants came with unclean hands having refused to pay fringe benefits and dues under the collective bargaining agreement, having submitted dishonored checks and by refusing to permit a complete audit all of which is required under the collective bargaining agreement.

## **CONCLUSION**

For all of the foregoing reasons, plaintiffs pray that the Court: a) deny defendants motion to dismiss the case; b) refuse to dismiss of any of Plaintiffs claims and c) proceed with adjudicating this matter in this Court.

Dated:  New York, New York
       July 13, 2007

                              Respectfully submitted,

                              HOLM & O'HARA LLP

                              By: /s/ Delmas A. Costin, Jr.

                              Delmas A. Costin, Jr. (DC2926)
                              *Attorneys for Plaintiffs*
                              3 West 35th Street
                              New York, New York 10001
                              (212) 682-2280

TO:   David J. Aronstam, Esq. (DA5163)
        *Attorney for Defendants*
        192 Lexington Avenue, Suite 1202
        New York, NY 10016
        (212) 949-6210