UNTIED STATES DISTRICT COURT for the
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SANTO LANZAFAME in his fiduciary capacity as a
Trustee of THE STONE SETTERS LOCAL 84 PENSION
FUND, ANNUITY FUND, VACATION FUND,
APPRENTICE FUND and INDUSTRY PROMOTION
FUND and as a Trustee of the BRICKLAYERS LOCAL
NO. 1 WELFARE AND INSURANCE FUND and as
President of the BRICKLAYERS AND ALLIED
CRAFTWORKERS, LOCAL UNION NO. 1, NEW
YORK, B.A.C.I.U., AFL-CIO,

                              Plaintiffs,

                     - against -

TRIBEC LTD., ADAM OTTAVINO and
JOHN and/or JANE DOE FIDUCIARY,
                            Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Index No. 07-CV-3351 (RWS)

**AFFIRMATION OF
DELMAS A. COSTIN JR.**

DELMAS A. COSTIN, JR., ESQ., an attorney duly admitted to practice law before the Southern District of New York, hereby affirms the following under the penalties of perjury:

      1.      I am an attorney duly admitted to practice before the United States District Court for the Southern District of New York. I am an associate in the law firm of Holm & O'Hara LLP, which represents plaintiffs SANTO LANZAFAME in his fiduciary capacity as a Trustee of THE STONE SETTERS LOCAL 84 PENSION FUND, ANNUITY FUND, VACATION FUND, APPRENTICE FUND and INDUSTRY PROMOTION FUND and as a Trustee of the BRICKLAYERS LOCAL NO. 1 WELFARE AND INSURANCE FUND ("Funds") and as President of the BRICKLAYERS AND ALLIED CRAFTWORKERS, LOCAL UNION NO. 1, NEW

YORK, B.A.C.I.U., AFL-CIO ("Local 1") (collectively "Plaintiffs") in the above captioned action. I am fully familiar with the facts and circumstances of this action;

2. This affirmation is submitted in opposition to defendants' motion to dismiss and/or stay the proceedings pending arbitration.

3. I have reviewed the trust agreements for Plaintiff Funds and wish to provide the court with the relevant language regarding arbitration and lawsuits. None of the trust agreements provide for arbitration.

4. On March 27, 2003, Plaintiffs filed a complaint index No. 03-CV-2166 in the Southern District of New York against Defendants Tribec, Ltd. and Adam Ottavino. The complaint alleged *inter alia* that Defendants failed to remit contributions and dues in violation of the collective bargaining agreement and Employee Retirement Income Security Act 29 U.S.C. §§ 1132 and 1145.

5. On August 17, 2005, Judge Lewis A. Kaplan of the Southern District of New York ordered the entry of judgment against Defendants in the amount of $202,500.00, additional interest, costs and attorneys' fees and expenses in conjunction with the collection and enforcement of the judgment. A copy of the Judgment is annexed hereto as Exhibit "A".

6. Pursuant to Article 4 Section 4 (h) of the Stone Setters Local 84 Pension Fund Restated Agreement and Declaration of Trust, the Trustees are empowered "to demand, collect and receive contributions and other funds to which the Trustees shall be entitled, and to take such steps, including the institution and prosecution of, or the intervention in, any proceeding at law or in equity or in bankruptcy, as may be necessary or desirable to effectuate the collection thereof."

7. Pursuant to Article IV, Section 4.3 (c) of the Stone Setters Local 84 Annuity Fund Restated Agreement and Declaration of Trust, the Trustees are empowered "to demand, collect and receive contributions and other funds to which the Trustees shall be entitled, and to take such steps, including the institution and prosecution of or the intervention in any proceeding at law or in equity or in bankruptcy, as may be necessary or desirable to effectuate the collection of such contributions and other funds to which said Trustees shall be entitled."

8. Pursuant to Section 1 of the Agreement and Declaration of Trust of the Stone Setters Local 84 Vacation Fund, the Trustees are empowered "to demand, collect, receive and hold all Employer contributions and may take such steps, including the institution and prosecution of or the intervention in any proceeding at law or in equity or in bankruptcy as may be necessary or desirable to effectuate the collection of such Employer contributions."

9. Pursuant to Section 1 of the Agreement and Declaration of Trust of the Stone Setters Local 84 Apprentice Fund, the Trustees are empowered "to demand, collect, receive and hold such employer contributions and such other monies which they may have become entitled to and may take such steps, including the institution and prosecution of or the intervention in any proceeding at law, in equity or in bankruptcy as may be necessary or desirable to effectuate the collection of such employer contributions and other monies."

10. Pursuant to Article VIII of the Agreement and Declaration of Trust of the Bricklayers Local No. 1 Welfare and Insurance Fund, the Trustees are empowered "to demand, collect and receive all employer contributions and may hold the same until

applied to the ultimate purposes herein provided for in Article X herein, and may take such steps, including the institution and prosecution of or the intervention in any proceeding at law or in equity or in bankruptcy as may be necessary or desirable to effectuate the collection of such employer contributions."

WHEREFORE, your deponent respectfully requests that Defendants' motion be denied in all respects, that the Plaintiffs' claims proceed before the Court, together with such other and further relief as to this Court seems just and proper.

Dated:   New York, New York
         July 13, 2007

                                                    _____
                                                    Delmas A. Costin, Jr. (DC2926)