UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SANTO LANZAFAME in his fiduciary capacity as   :
a Trustee of THE STONE SETTERS LOCAL 84
PENSION FUND, ANNUITY FUND, VACATION   :
FUND, APPRENTICE FUND and INDUSTRY
PROMOTION FUND and as a Trustee of the   :
BRICKLAYERS LOCAL NO. 1 WELFARE AND
INSURANCE FUND and as President of the   :
BRICKLAYER AND ALLIED CRAFTWORKERS,
LOCAL UNION NO .1, NEW YORK, B.A.C.I.U   :
AFL-CIO,
  :   Civ. No. 07 Civ. 3351 (RWS)

                  Plaintiffs,   :
  :
          v.   :
  :
TRIBEC LTD., ADAM OTTAVINO and   :
JOHN or JANE DOE FIDUCIARY,
  :
              Defendants.   :
-----------------------------------------------------------------X

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF ITS MOTION TO DISMISS OR STAY THIS ACTION
<u>BASED ON ARBITRATION CLAUSES</u>**

*DAVID J. ARONSTAM, ESQ.*
*Attorney for Defendants*
*192 Lexington Avenue*
*Suite 1202*
*New York, New York  10016*
*(212) 949-6210*

## INTRODUCTION

The Defendants, Defendants Tribec Ltd. ("Tribec") and Adam Ottavino, submit this reply memorandum of law in further support of their motion for an order or orders (i) staying this action under the Federal Arbitration Act pending the conclusion of arbitration between Plaintiff Local Union No. 1 ("Local No. 1"), and (ii) such other and further relief as this Court deems just and proper.

## ARGUMENT

### A.     The Union Plaintiff Must Arbitrate its Claims Pursuant to the Collective Bargaining Agreement

The Union Plaintiff, Local 1, argues at Point III of its brief submitted in opposition to Defendants' motion, that it should not be required to arbitrate its claims against the Defendants because (a) Defendants have not filed for arbitration; (b) Defendants have failed to pay wages and benefits and refused to permit an audit; and (c) "Defendants have waived their right to arbitrate by litigating against the Plaintiffs in a prior action to Judgment."

With regard to (a), if Local 1 is aggrieved by the conduct of the Defendants and wants to enforce the Collective Bargaining Agreement (Exhibit B to the Aronstam Declaration dated June 15, 2007), it is required to commence an arbitration pursuant to the express terms of the Collective Bargaining Agreement.  Defendants will not repeat the arguments made in their brief concerning this point.

With regard to (b), while Defendants deny these allegations, these are precisely the issues which Local 1 is required to arbitrate under the Collective Bargaining Agreement.

With regard to (c), Local 1 is arguing that because Defendants have settled a prior action filed under Index No. 03-CV-2166 (LK) in this Court without demanding arbitration, they have

waived their right to arbitration for this claim. No authority is provided for this position, and respectfully, there is none. Defendants decided to settle the prior action and did not waive their right to demand arbitration for any new claims made by Local 1.

### B.   This Action Should be Stayed Pending the Arbitration between Local 1 and the Defendants

The Court in *Genesco, Inc. v. T. Kakiuchi & Co.,* 815 F.2d 840, 855 (2nd Cir. 1987), citing *Moses H. Cone Memorial Hospital v. Mercury Const. Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), held that "[t]he decision to stay the balance of the proceedings pending arbitration is a matter largely within the district court's discretion to control its docket."

The District Courts do not automatically proceed with the non-arbitrable claims as suggested by the Plaintiffs. See *Bristol Myers Squibb Co. v. SR International Business Ins. Co.,* 354 F.Supp.2d 499, 506 (S.D.N.Y., 2005)(the holding in *Kinoshita* is out of step with the overwhelming body of law favoring arbitration in circumstances like these.)

*Chang v. Lin,* 824 F.2d 219 (2nd Cir. 1987), relied upon by the Plaintiffs held that (1) claims under the Securities Exchange Act of 1934 were subject to arbitration, but (2) federal litigation of claims under Securities Act of 1933 should proceed simultaneously with arbitration of related federal or state claims, absent compelling reasons to stay litigation of claims under 1933 Act. The Securities Act of 1933 and the Securities Exchange Act of 1934 are two distinct statutes with different tests of liability for defendants.

In the case at bar, the only issue is whether the Defendants violated the Collective Bargaining Agreement. Defendants' liability to the Plaintiff Trust Funds flows from their liability under the Collective Bargaining Agreement. The questions to be determined are

2

whether Tribec employed laborers who were members of Local 1, and if this threshold question is answered in the affirmative, did Tribec comply with the audit provisions of the Collective Bargaining Agreement and did it fail to pay union dues and fees. There is no dichotomy of claims as in *Chang*, where there were very different questions and standards under the two securities law statutes in issue.

The issue of whether the employer, Tribec Ltd., complied with the Collective Bargaining Agreement with Local 1 can best be resolved in arbitration between those parties. While the arbitration is pending and the amounts owing by Tribec to Local 1 are determined, if any, this action should be stayed. *See, e.g., Choctaw Generation Ltd. P'ship v. Am. Home Assurance Co.,* 271 F.3d 403 (2d Cir. 2001).

## <u>Conclusion</u>

For the reasons set forth herein, this action should be stayed pending determination by the arbitrators as to whether there are any violations of the collective bargaining agreement.

Dated: New York, New York
      July 20, 2007

 

_____
DAVID J. ARONSTAM, ESQ. (DA 5163)
192 Lexington Avenue, Suite 1202
New York, New York  10016
(212) 949-6210
Attorney for Defendants

<u>CERTIFICATE OF SERVICE</u>

DAVID J. ARONSTAM, an attorney duly admitted to practice before the courts

of New York State, affirms the following under the penalties of perjury: I am not a party

to the action, am over 18 years of age and reside at New York, New York. On July 20,

2007, I served the DEFENDANTS' REPLY MEMORANDUM OF LAW on:

> Delmas Costin, Esq.
> Holm & O'Hara LLP
> Attorneys for Plaintiffs
> 3 West 35th Street, 9th floor
> New York, New York 10001

by depositing a true copy thereof by first class mail enclosed in a post-paid wrapper in an

official depository under the exclusive care and custody of the United States Postal

Service within New York State.

Dated: New York, New York
       July 20, 2007

DAVID J. ARONSTAM