UNTIED STATES DISTRICT COURT for the
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x

SANTO LANZAFAME in his fiduciary capacity as a
Trustee of THE STONE SETTERS LOCAL 84 PENSION
FUND, ANNUITY FUND, VACATION FUND,
APPRENTICE FUND and INDUSTRY PROMOTION
FUND and as a Trustee of the BRICKLAYERS LOCAL
NO. 1 WELFARE AND INSURANCE FUND and as
President of the BRICKLAYERS AND ALLIED
CRAFTWORKERS, LOCAL UNION NO. 1, NEW
YORK, B.A.C.I.U., AFL-CIO,

           Plaintiffs,

     - against -

TRIBEC LTD., ADAM OTTAVINO and
JOHN and/or JANE DOE FIDUCIARY,
           Defendants.

------------------------------------------------x

Index No. 07-CV-3351 (RWS)

**Reply Affidavit of Michael Gold, C.P.A. in Further Support of Plaintiffs' Motion to Compel Disclosure Made by Letter to the Court Dated April 1, 2008**

STATE OF NEW YORK )
         ) ss.:
COUNTY OF NEW YORK )

  MICHAEL GOLD, being duly sworn, states the following:

  1.  I have been licensed to practice as a Certified Public Accountant in the State of New York since November 1987 and I have been performing payroll compliance audits since 1990. I currently perform services as a certified public accountant for Kobgo Associates, Inc. ("Kobgo"), located at 350 Fifth Avenue, Suite 4309, New York, New York 10118.

  2.  Kobgo conducts payroll audits of stone setting contractors for the Stone Setters Local 84 Pension Fund, Annuity Fund, Vacation Fund, Apprentice Fund and Industry Promotion Fund and the Bricklayers Local No. 1 Welfare and Insurance Fund ("Funds") and Bricklayers and Allied Craftworkers, Local Union No. 1 ("Local 1") (collectively, "Plaintiffs").

3. This Reply Affidavit is made on personal knowledge in support of Plaintiff's Motion to Compel the Defendants to Produce the Books and Records necessary for plaintiffs to complete the audit examination of defendant, Tribec Ltd. ("Tribec") in this action.

4. Kobgo conducts periodic audits of each employer signed to a collective bargaining agreement with Local 1 for stone setting work to determine whether or not each employer has paid all fringe benefit contributions due and owing to the Funds by each employer and dues and assessments due and owing to Local 1, for all hours of stone setting work performed by the employees of the employer. Kobgo typically reviews each employer's books and records for a specified period including, but not limited to, the employer's journals, ledgers, payroll tax withholding reports and supporting invoices, time sheets, payroll reports, and contracts. These records are reconciled with the employer remittance reports submitted to the Funds showing contributions, dues, and assessments, due and owing by the employer. Upon ascertaining the difference between the monies which should have been remitted to the Funds and Local 1 for all covered work and the monies actually remitted to these entities, a delinquency total is computed and an audit report is compiled.

5. On May 22, 2007, I attempted to perform a complete payroll audit of Tribec, on behalf of the Funds, for the period July 1, 2005 through March 31, 2007, at the office of Tribec, located at 23-03 45th Road, Suite 203, Long Island City, New York. At the time, Tribec did not provide a complete set of the books and records requested.

6. I issued a preliminary report to the Plaintiff Funds' Trustees, dated July 9, 2007, showing a delinquency of $168,516.92 based upon Tribec's payroll omissions for Local 1 stone setters and stone tenders and noting Tribec's failure to supply a complete set of books and records needed to finish the audit.

7.  On January 29, 2008, Holm & O'Hara LLP ("H&O"), counsel for the Funds, sent a letter to Tribec's attorney requesting that Tribec provide copies of the missing books and records necessary to complete the audit to Kobgo, including copies of the following: a) General ledger reports for the period 7/1/05-3/31/07; b) Cash disbursement ledgers for the period 7/1/05-3/31/07; c) NYS-45 & 941 reports for the periods ending September 30, 2005, December 31, 2005, March 31, 2006, June 30, 2006 and March 31, 2007; d) A complete set of certified payrolls for the audit period (7/1/05-3/31/07); and e) Remittance reports filed for Laborers Local 1010 during the audit period (7/1/05-3/31/07). (See Plaintiffs' Exhibit A). Kobgo has received no response to H&O's request.

8.  Based upon records received from Ecco III, a general contractor for one of the projects that appears in the audit, I issued a revised preliminary report to the Funds' Trustees, dated February 5, 2008. The revised audit report shows a delinquency of $169,614.44 based upon Tribec's payroll omissions for Local 1 stone setters and stone tenders and, again, notes Tribec's failure to supply a complete set of books and records to Kobgo necessary to finish the audit. (See Plaintiffs' Exhibit B).

9.  To date, Tribec has not provided any of the records requested by H&O's January 29, 2008 letter and detailed in Kobgo's February 5, 2008 audit report. Thus Tribec has not provided all books and records necessary for Kobgo to complete the audit examination for the period at issue in this action, July 1, 2005 through March 31, 2007.

10. Further, as noted in paragraph 5 above, the audit of Tribec for the period July 1, 2005 through March 31, 2007 was conducted at the offices of Tribec in Long Island City. Contrary to the representations made by defendant, Adam Ottavino, in his April 8, 2008 Affidavit in Opposition to Plaintiffs' Motion to Compel Disclosure, Kobgo was not given access to all the tax returns at Tribec's accountant's office, which I am advised by H&O is located in N. Babylon, NY.

Dated: New York, New York
      April 9, 2008

                                                           *Michael Gold CPA*
                                                           Michael Gold, C.P.A.

Sworn to before me this
9th day of April, 2008

_____
Notary Public

                                       CAROL G. DELL
                             Notary Public, State of New York
                                  No. 02DE6076108
                                Certified in Queens County
                             Term Expires on June 17, 2010

L:\VFO\STONESET.84\4088.014-Tribec (2007)\Motions\motion to compel discovery\MGold-Affidavit.doc